# NO. 12-17-00013-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LINDSEY MARIE PEVETO,*<br>*APPELLANT* | § | *APPEAL FROM THE 128TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ORANGE COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Lindsey Marie Peveto appeals her conviction for aggravated robbery. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with aggravated robbery. Pursuant to a plea agreement with the State, Appellant pleaded "guilty," and the trial court deferred a finding of guilt, assessed a $1,000 fine, and placed her on community supervision for a term of ten years. Subsequently, the State filed a motion to impose guilt. Appellant pleaded "true" to the allegations in the motion. After a hearing, the trial court assessed Appellant's punishment at imprisonment for twenty years. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's original appellate counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that she has reviewed the record and that in her professional judgment, the record contains no reversible error or jurisdictional

defect for our review. In compliance with **High v. State**, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[1]

We have considered counsel's brief and conducted our own independent review of the record. **Id.** at 811. We have found no reversible error.

## COURT COSTS

In reviewing the record, we found an error in the amount of court costs named in the judgment. We have the authority to reform a judgment in an **Anders** appeal and to affirm that judgment as reformed. *See* TEX. R. APP. P. 43.2(b); **Bray v. State**, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." **Johnson v. State**, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). In reviewing the assessment of court costs, we review the record to determine whether there is a basis for the costs. **Id.**

In this case, the final judgment imposes $2,138 in court costs. The bill of costs provides the following:

| | |
|---|---|
| COURT APPOINTED ATTORNEYS | $975.00 |
| COMB CRT COST – CR $133.00 | $133.00 |
| COURTHOUSE SEC FUND $5.00 | $5.00 |
| COURT RELATED PURPOSE FEE | $6.00 |
| DISTRICT CLERK FEES - $40.00 | $40.00 |
| DNA TESTING (DC) | $34.00 |
| FINES | $1,000.00 |
| INDIGENT DEFENSE FEE | $2.00 |
| JURY SERVICE FEE | $4.00 |
| REC MGMT PRES FUND (CR) | $22.50 |
| REC MGMT PRES FUND (CLK-R) | $2.50 |
| ORANGE CO SHERIFF - $75 | $195.00 |
| DC TECH FEE | $4.00 |
| TIME PAYMENT – CRIMINAL | $25.00 |
| **Total Cost** | **$2,448.00** |

---

[1] In compliance with **Kelly v. State**, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief. The time for filing such a brief has expired and no pro se brief has been filed.

| | |
|---|---|
| **Total Paid** | **$1,788.00** |
| **Balance Due** | **$660.00** |

We have reviewed the record and found no basis for $2,313 of these costs to be imposed in the final judgment.

First, there is no basis for imposing the $1,000 fine in the final judgment because the record indicates the fine was already paid. The deferred adjudication order imposed a $1,000 fine and $788 in court costs. These amounts presumably constitute the $1,788 "total paid" amount in the bill of costs. Thus, the fine should not be included in the judgment. *See Johns v. State*, Nos. 07-10-0303-CR, 07-10-0304-CR, 2011 WL 832837, at \*2 (Tex. App.—Amarillo Mar. 10, 2011, pet. ref'd) (mem. op., not designated for publication) (reforming judgment to reflect that court costs were paid in full).

Furthermore, no part of the $975 in attorney's fees should be included in the judgment. According to the order imposing conditions of community supervision, $450 of the $788 in court costs paid by Appellant was a court appointed attorney fee.[2] Because the fee was already paid, there is no basis for imposing it in the final judgment. *See id.*

Nor is there a basis for imposing the remaining $525 in attorney's fees. A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2016). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." *Id.* art. 26.04(p) (West Supp. 2016). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has the financial resources to enable him to offset in part or in whole the costs of the legal services provided. *See Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for the imposition of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); *Johnson*, 405 S.W.3d at 354.

---

[2] We do not address the propriety of the attorney's fee assessment in the deferred adjudication order because "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *See Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014).

3

In this case, the record contains three orders appointing counsel that indicate the trial court determined Appellant was indigent. The record does not show that the trial court ever made a finding that Appellant's financial circumstances had materially changed. Thus, there is no basis in the record to support the imposition of the $525 in attorney's fees in the final judgment. *See id*.

Next, we must determine what part of the remaining costs were already paid and whether there is a basis for any costs not already paid. After subtracting the fine and attorney's fees, the costs listed in the bill of costs total $473. Of this amount, $338 was already paid.[3] This leaves $135 in costs not yet paid by Appellant at the time of adjudication.

After reviewing the record, we find that there is a basis for imposing the $135 in court costs in the final judgment. The record shows that two arrest warrants were executed after Appellant was placed on community supervision, providing a basis for $100 in court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2) (West Supp. 2016). The record further shows at least two instances of Appellant's commitment or release from jail after she was placed on community supervision, providing a basis for $10 in court costs. *See id.* art. 102.011(a)(6). Finally, the record shows that part of Appellant's original court costs were paid more than thirty-one days after they were assessed, providing a basis for the $25 time payment fee in the final judgment. *See* TEX. LOC. GOV'T CODE ANN. § 133.103(a) (West Supp. 2016).

We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because we have the necessary data and information to correct the amount of court costs in this case, we conclude that the judgment should be modified to reflect that the court costs are $135. *See id.*; TEX. R. APP. P. 43.2(b).

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's original counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with original counsel that the appeal is wholly frivolous. Accordingly, we **grant** Appellant's original counsel's motion for leave to

---

[3] $788 - $450 = $338.

4

withdraw. We *modify* the trial court's judgment to reflect that Appellant's court costs are $135. We *affirm* the judgment as modified.

The trial court granted Appellant's original counsel's motion to withdraw on the basis of her change of employment and appointed substitute counsel. Although original counsel also filed a motion to withdraw in this Court, along with the *Anders* brief, substitute counsel has not filed a motion to withdraw in this case. If substitute counsel wishes to file a motion to withdraw, she must file the motion no later than fifteen days from the date of this opinion. Appellant's substitute counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.

Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review on her behalf or she must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered October 25, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 25, 2017

NO. 12-17-00013-CR

**LINDSEY MARIE PEVETO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 128th District Court
of Orange County, Texas (Tr.Ct.No. A120202-R)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that Appellant's court costs are $135.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

By per curiam opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*